**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CINDY WOOD,                                    CASE NO.:

     Plaintiff,

v.

ADVANCE INDUSTRIAL
REFRIGERATION, INC.,
a Foreign Profit Corporation,

     Defendant.

_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**
**DECLARATORY RELIEF REQUESTED**

Plaintiff, CINDY WOOD ("Plaintiff" or "Ms. Wood"), by and through undersigned counsel, files this Complaint against Defendant, Advance Industrial Refrigeration, Inc. ("Defendant" or "AIR"), and states as follows:

**NATURE OF THE SUIT**

1.    This action is brought under the Fair Labor Standards Act ("FLSA") to recover from Defendant overtime compensation, liquidated damages, declaratory relief, reasonable attorneys' fees and costs, and any other damages permitted by law.

1

**PARTIES, JURISDICTION, AND VENUE**

2.     Ms. Wood was an employee who performed services on behalf of Defendant in Pinellas County, Florida.

3.     AIR is a foreign profit corporation located in Augusta, Georgia, and which, at all times relevant, performed work in Pinellas County, Florida.

4.     Jurisdiction is proper in this Court, as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter "FLSA"), to recover unpaid overtime wages, an additional equal amount as liquidated damages, to obtain declaratory relief, and reasonable attorneys' fees and costs.

5.     Venue is proper in this Court, as the actions giving rise to this lawsuit occurred in Pinellas County, Florida.

**FLSA COVERAGE**

6.     At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of 29 U.S.C. § 203(d).

7.     At all times material hereto, Plaintiff was a resident of Pinellas County, Florida.

8.     At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

9.     At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

10.     At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

11.     Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

12.     At all times material hereto, Defendant was primarily engaged in operating a heating, ventilation, and air conditioning ("HVAC") service, maintenance, and installation company in Pinellas County, Florida.

13.     At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA, but not for purposes of the Motor Carrier Act.

14.     At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

15.     At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as ducts, air

conditioners, duct tape, filters, etc., but which had come to rest within its warehouse location in Pinellas County, Florida.

16.     At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant, in that Defendant could not operate its business without Service Coordinators like Plaintiff.

## FACTUAL ALLEGATIONS

17.     Ms. Wood worked for Defendant and for its predecessor-in-interest, Mechanical Comfort Services, Inc., under the title of Service Coordinator, in a non-exempt, hourly-paid capacity, from April 10, 2019, until her termination on August 26, 2021.

18.     In approximately the second week of January, 2021, AIR began routing emergency calls to Ms. Wood's cellular telephone when the office was closed.

19.     Beginning in early February of 2021, Ms. Wood began arriving to work early, and staying late, without taking any lunch break.

20.     From mid-January of 2021 until her separation from Defendant on August 26, 2021, Ms. Wood worked an average of over twenty (20) hours of overtime per week on behalf of Defendant, including taking emergency calls in the evening.

21.     Between mid-January of 2021 and August 26, 2021, Ms. Wood's hourly rate was $22.00 per hour.

22.     Ms. Wood always worked in Pinellas County, Florida, and her activities were at all times controlled and closely supervised by Defendant's managers and supervisors.

23.     Ms. Wood had no authority to hire or fire employees of AIR.

24.     Ms. Wood had no authority to discipline employees of AIR.

25.     Ms. Wood had no authority to set rates of pay for other employees or agents of AIR.

26.     Ms. Wood had no input into performance reviews of other employees or agents of AIR.

27.     All of Ms. Wood's major decisions had to be cleared in advance by one of AIR's supervisors.

28.     Ms. Wood was closely monitored by AIR's managers and supervisors at all times.

29.     Ms. Wood followed procedures established by AIR and did exactly as she was instructed to do.

30.     Ms. Wood's primary duties were to perform service call scheduling and coordination services on behalf of Defendant's customers.

31.     The primary value that AIR placed on Ms. Wood was her Service Coordinator duties; her "managerial" duties were limited and/or non-existent, and of secondary value to AIR.

32.     Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during her period as Service Coordinator, instead typically paying her proper overtime compensation for only five (5) or six (6) hours per week.

33.     When Plaintiff worked more than forty (40) hours in a given work week during her period as Service Coordinator, Defendant failed to properly pay her for all overtime hours worked.

34.     Defendant routinely failed to pay Plaintiff anything at all for many of the overtime hours that she worked during her period as Service Coordinator.

35.     Plaintiff should have been compensated at the rate of one-and-one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout her employment.

36.     Defendant violated Title 29 U.S.C. §207 in that:

(a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for her period of employment with Defendant;

(b) No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one-and-one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

(c) Defendant failed to maintain proper time records as mandated by the FLSA.

37.    Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

38.    Prior to violating the FLSA, Defendant did not consult with the Department of Labor to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

39.    Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

40.     Based on the allegations in Paragraphs 37-39, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

41.     Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

42.     Plaintiff reincorporates and re-alleges paragraphs 1 through 41 of the Complaint as though set forth fully herein, and further alleges as follows:

43.     Plaintiff is entitled to be paid time-and-one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

44.     During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

45.     Plaintiff was not an exempt employee as defined by the FLSA, and was instead a non-exempt employee as defined by the FLSA.

46.    As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time-and-one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages, in addition to incurring reasonable attorneys' fees and costs.

47.    As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in her favor against Defendant, and that this Court:

a.  Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b.  Award Plaintiff overtime compensation in the amount due to her for time worked in excess of forty (40) hours per work week;

c.  Award Plaintiff liquidated damages in an amount equal to the overtime award;

d.  Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e.  Award Plaintiff pre-judgment interest; and order any other

and further relief that the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of

right.

DATED this 14th day of April, 2022.

Respectfully Submitted,

**By: /s/Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile:  (954) 337-2771
E-mail:noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*