UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CINDY WOOD,

    Plaintiff,

v.                                                       Case No. 8:22-cv-883-TPB-CPT

ADVANCE INDUSTRIAL
GROUP, LLC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Before me on referral is the parties' *Joint Motion for Approval of Settlement Agreement*. (Doc. 30). For the reasons discussed below, I respectfully recommend that the parties' motion be granted.

I.

Plaintiff Cindy Wood initiated this action in April 2022 by filing a complaint against her former employer, Defendant Advance Industrial Group, LLC (AIG), seeking to recover unpaid overtime wages under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207. (Doc. 1). The gist of Wood's complaint is that during a portion of her tenure at AIG, she logged "an average of over [twenty] hours of overtime per week" (including so that she could respond to "emergency calls in the evening") but

was not properly compensated for this additional labor. *Id*. In its answer, AIG denied Wood's allegations and raised several affirmative defenses. (Doc. 14).

The parties thereafter engaged in limited discovery and eventually agreed to resolve their quarrel in advance of trial following a settlement conference conducted by a private mediator. (Doc. 30). Under the terms of their accord, the parties stipulated that Wood would receive two payments totaling $8,541.50 and that her counsel would be paid $6,458.50 in attorney's fees and costs. (Docs. 30, 30-1).

By way of the instant motion, the parties now seek approval of their proposed settlement pursuant to *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The Court heard oral argument on the matter on October 27, 2022. The parties' motion is therefore ripe for the Court's consideration.

II.

Congress enacted the FLSA to protect employees from the "inequalities in bargaining power between employers and employees." *Lynn's Food*, 679 F.2d at 1352. To further this purpose, the Supreme Court has placed "limits on the ability of private parties to settle FLSA lawsuits." *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 704–05 (1945)).

In an FLSA action brought directly by a current or former employee for unpaid wages, a district court must evaluate the parties' settlement agreement "for fairness" before dismissing the action. *Id.* at 1306–07 (quoting *Lynn's Food*, 679 F.2d at 1353) (internal quotation marks omitted). Specifically, a district court must determine

2

whether the parties' agreement constitutes a "'fair and reasonable resolution of a bona fide dispute'" under the FLSA. *Sanchez v. M&F, LLC*, 2020 WL 4671144, at *3 (M.D. Fla. Aug. 12, 2020) (quoting *Lynn's Food*, 679 F.2d at 1355). In rendering such a determination, courts within this District often consider the following factors:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010) (citation omitted).

If a district court finds that a parties' settlement agreement in an FLSA action reflects a fair and reasonable compromise of genuinely contested issues, it may approve the parties' agreed-upon disposition "to promote the policy of encouraging settlement of litigation." *Lynn's Food*, 679 F.2d at 1354. District courts are ultimately afforded discretion in deciding whether to approve FLSA settlement agreements. *Rodrigues v. CNP of Sanctuary, LLC*, 523 F. App'x 628, 629 (11th Cir. 2013) (per curiam) (citation omitted).

In this case, most of the factors described by the court in *Dees*—namely, factors one, two, three, four, and six—appear to weigh in favor of approving the parties' settlement agreement. The main issue presented implicates the fifth factor, the range of possible recovery. In her answers to the Court's interrogatories, Wood averred that she was owed nearly $65,000 in compensatory damages, along with the statutorily mandated sum of liquidated damages. (Doc. 23); *see also* 29 U.S.C. § 216(b) (stating,

3

in relevant part, that an employer who violates the FLSA shall be liable to the affected employee for the amount of their unpaid overtime compensation and "an additional equal amount as liquidated damages"). As noted above, however, the monetary figure for which Wood is now willing to resolve this action is only slightly more than $8,500. At oral argument, Wood's counsel explained that the sizable discrepancy between Wood's original damages figure and the parties' agreed-upon sum stems from the fact that the time records and other discovery Wood received from AIG substantially undermined her initial damages estimate. Wood's counsel further represented that given this evidence, as well as AIG's asserted defenses, the expense and uncertainty of further litigation, and the input he received from the mediator, he and Wood believe the settlement amount reflects a fair and reasonable disposition of Wood's dispute with AIG.

In light of these representations, as well as the remainder of the record before the Court, it is evident that—with the benefit of their lawyers' advice and the assistance of the mediator—the parties have decided it is in their respective best interests to bring this case to closure based upon the stipulated terms. Considering the particular circumstances of this action, the parties' counseled decision to resolve Wood's FLSA claim in this manner provides an appropriate basis for approving their settlement agreement. *Dees*, 706 F. Supp. 2d at 1241 (finding that an FLSA settlement "'will, almost by definition, be reasonable'" where "'the parties are represented by competent counsel in an adversary context'") (quoting *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009)); *see also Brandys v. R.V. World, Inc., of Nokomis*, 2019

WL 7461688, at *2 (M.D. Fla. Nov. 30, 2019) (approving as fair and reasonable a "zero-dollar recovery" for the plaintiff's FLSA claim predicated upon the parties' joint representations as to the merits of that claim and the fact that the plaintiff was represented by experienced counsel), *report and recommendation adopted*, 2020 WL 42852 (M.D. Fla. Jan. 3, 2020).

With respect to the matter of attorney's fees, the FLSA requires the Court to review the reasonableness of the parties' proposed fee figure to ensure "both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam). Here, the parties attest in their motion that the stipulated fee amount is reasonable and was negotiated "separate from, and without regard to," the sum of money Wood is receiving in the settlement. (Doc. 30 at 2). This representation is sufficient. *See Bonetti*, 715 F. Supp. 2d at 1228 (providing that the reasonableness of attorney's fees may be demonstrated by the parties' representation that the fees were negotiated separately and without regard to the sum paid to settle the plaintiff's FLSA claim).

III.

For the reasons set forth above, I respectfully recommend that the Court:

1. Grant the parties' *Joint Motion for Approval of Settlement* (Doc. 30) and approve their settlement agreement (Doc. 30-1); and

2. Dismiss the action and close the case.

Respectfully submitted this 3rd day of November 2022.

*[signature]*

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections or move for an extension of time to do so waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable Thomas P. Barber, United States District Judge
Counsel of record

6